**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0021-20

CBRE, INC., AS COURT
APPOINTED RECEIVER FOR
WCA 100, LLC,

     Plaintiff-Respondent,

v.

NEW WORLD STAINLESS, LLC,

     Defendant-Appellant.

_____

Argued November 9, 2021 – Decided December 1, 2021

Before Judges Hoffman, Geiger and Susswein.

On appeal before the Superior Court of New Jersey, Law Division, Somerset County, Docket No. LT-000733-18.

Carl A. Salisbury argued the cause for appellant (Bramnick, Rodriquez, Grabas, Arnold & Mangan, attorneys; Carl A. Salisbury, on the briefs).

Jeffery S, Berkowitz argued the cause for respondent (Edward M. Teitelbaum, PC, attorneys; Edward M. Teitelbaum and Jeffrey S. Berkowitz, on the brief).

PER CURIAM

This appeal arises from a dispute concerning a commercial lease between plaintiff-landlord Ivy 100 Rand Property, LLC, assignee and successor in interest to CBRE, Inc., as Court Appointed Receiver for WCA 100, LLC[1] and defendant-tenant New World Stainless, LLC.

Defendant appeals from a June 21, 2020 Special Civil Part order that: (1) granted plaintiff's motion to enforce the settlement agreement entered into by the parties; (2) granted judgment to plaintiff for $91,881.14 plus judgment-rate interest from May 17, 2018; (3) granted plaintiff a judgment for possession of the rental premises; and (4) ordered that if the Sheriff failed to serve the warrant for removal within seven days, plaintiff could apply to the court for appropriate relief.

Defendant raises the following points for our consideration:

> POINT I
>
> THE TRIAL COURT ERRED BY PERMITTING THE PLAINTIFF TO SPLIT ITS CLAIM FOR SUMMARY EVICTION AND TO RESOLVE IT IN A PRIOR ACTION THAT HAD NOT BEEN DISCLOSED IN THE 2019 SUMMARY EVICTION ACTION.

---

[1] On June 21, 2020, the trial court amended the caption to reflect the plaintiff as "Ivy 100 Rand Property, LLC, assignee and successor in interest to CBRE, Inc., as Court Appointed Receiver for WCA, LLC."

A-0021-20

POINT II

IT WAS AN ABUSE OF DISCRETION TO PERMIT
PLAINTIFF TO OBTAIN THE SAME RELIEF IN
THE 2018 ACTION THAT IT SOUGHT IN THE
LATER-FILED 2019 ACTION.

We find no merit in these arguments and affirm.

Defendant manufactures precision-welded stainless steel pressure tubing. On February 1, 2009, defendant entered into a five-year lease agreement with WCA 100, LLC to rent commercial premises in Somerset (the rental premises). Defendant defaulted on the rent due throughout the first two years of the lease term. On May 21, 2011, the parties agreed to an amendment to the lease, wherein they created a payment schedule for the outstanding rent arrears and agreed to extend the lease term to May 31, 2021, to allow defendant more time to satisfy the rent arrears, which totaled $1,350,130.80.[2]

At an unspecified date, defendant again defaulted on the rent. CBRE, Inc., as the court appointed receiver for WCA 100, filed a summary eviction action in the Special Civil Part seeking possession of the rental premises. On May 17, 2018, defendant and CBRE, Inc. entered into a Stipulation of Settlement Agreement – Tenant to Stay in Possession, which required defendant to pay $536,508 ($275,000

---

[2] Of the $1,388,263.99 in rent that fell due from March 2009 to April 2014, defendant had paid only $38,133.12.

within forty-five days and the remaining $261,508 at a monthly rate of $7,067.78) in addition to the rent for each month for the remainder of the lease term. Notably, the stipulation of settlement agreement also provides:

> If [d]efendant fails to comply with any . . . terms in this Stipulation of Settlement Agreement, [p]laintiff may file a Certification of Default stating when and what the breach was upon notice to [d]efendant and its counsel, and a Judgment for Possession may be entered, and a warrant of removal may be issued by the clerk and DEFENDANT MAY BE EVICTED AS PERMITTED BY LAW AFTER THE SERVICE OF THE WARRANT OF REMOVAL.

In February 2019, plaintiff acquired all rights, title, and interest in the premises, and the lease was assigned to plaintiff. Defendant failed to remit the payments required by the Stipulation of Settlement Agreement. As a result, in June 2019, plaintiff sent defendant and its counsel a notice of default and notice of termination that alleged defendant defaulted in its rent payments from approximately December 2018 onward and, in addition, owed $261,331.65 in additional rent arrears, plus late charges, attorney's fees, and costs. On October 4, 2019, plaintiff filed a new summary eviction action in the Special Civil Part for possession of the premises. The complaint alleged that "the total amount due in unpaid base rent, additional rent including real estate taxes, and late fees [was] $442,372.53" after crediting payments on account.

4

In response, defendant filed an answer and counterclaim, alleging it had been withholding rent because plaintiff and its predecessors breached the lease by "ignoring their obligations to repair, upgrade, and maintain the building in accordance with both the terms of the lease agreement and the requirements of New Jersey law." Specifically, defendant alleged it regularly experienced electrical voltages substantially below the industry standard, water leaks, inoperable loading levelers, and inadequate lighting on the premises, resulting in interruptions to the manufacturing process, lost production and profits, increased production times and costs, and equipment damage. Defendant alleged it sustained $1,387,287 in damages due to plaintiff's breach. Defendant also filed a motion to transfer the case to the Law Division pursuant to N.J.S.A. 2A:18-60, arguing the matter was too complex for summary resolution.

The judge granted the motion to transfer the case to the Law Division, but conditioned transfer upon defendant's payment of $303,118 to plaintiff's counsel within twenty-one days, with the funds to be held in escrow in counsel's trust account pending further court order.

On March 20, 2020, the trial court denied defendant's motion for reconsideration of the escrow payment requirement without prejudice. On May 29, 2020, this court denied defendant's motion for leave to appeal the decision.

5

On April 7, 2020, separate from the 2019 summary eviction action, plaintiff filed a motion to "enforce[e] the Settlement Agreement between the parties filed May 18, 2018, which authorized the issuance of a judgment of possession in the event of a default by [defendant] . . . ." Plaintiff alleged defendant defaulted on monthly payments owed — in addition to ongoing rent — under the Stipulation of Settlement Agreement from approximately March 2019 onward, totaling $91,881.14. Plaintiff supported its motion with the certification of its Vice President of Asset Management, the Stipulation of Settlement Agreement, and calculations of the unpaid balance. Defendant opposed the motion, arguing plaintiff waived its right to bring the motion by filing the pending 2019 summary action solely on defendant's alleged breach of the lease.

On July 20, 2020, following oral argument, the trial court issued an oral decision and accompanying order, finding that plaintiff did not waive its right to enforce the settlement agreement and, even if the parties proceeded with discovery and a trial, "the fact that there are allegations that the landlord has failed to . . . give possession of a property that is free of alleged structural, mechanical or electrical defects" would not void the settlement agreement. The order granted plaintiff a judgment for possession of the rental premises and entered judgment in favor of plaintiff for $91,881.14 plus interest.

On November 20, 2020, the court issued an order that: (1) denied defendant's motion for reconsideration without prejudice; (2) ordered defendant to immediately deposit the sum of $91,881.14 with the court; and (3) granted defendant's application to stay the eviction.

While this appeal was pending, the lease as amended expired on May 31, 2021, a judgment for possession was awarded to plaintiff on July 21, 2021, and a warrant for removal was issued. Defendant's attempts to stay the warrant of removal were unsuccessful. The warrant for removal was executed on August 26, 2021, by removal of defendant from the rental premises.

On September 10, 2021, defendant filed a Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of New Jersey. On September 21, 2021, the Bankruptcy Court denied defendant's motion to regain possession of the rental premises. The bankruptcy was dismissed on September 30, 2021.

Defendant acknowledges that due to the expiration of the lease, execution of the warrant for removal, and aforementioned rulings, any issue pertaining to the possession of the rental property is now moot.

Defendant's remaining argument that plaintiff violated the single controversy doctrine by splitting its claims into two separate actions lacks sufficient merit to warrant extended discussion. R. 2:11-3(e)(1)(E).

A-0021-20

Defendant contends plaintiff engaged in impermissible "claim splitting" by filing the 2019 summary eviction action for possession and then separately filing a motion to enforce the Stipulation of Settlement Agreement. Defendant argues the trial court erred by granting defendant's motion to enforce the agreement. Defendant also maintains it must be afforded the opportunity to present evidence on plaintiff's breach of the lease before either issue can be resolved. We disagree.

The entire controversy doctrine "stems directly from the principles underlying the doctrine of res judicata or claim preclusion." Prevratil v. Mohr, 145 N.J. 180, 187 (1996). It "serves 'to encourage complete and final dispositions through the avoidance of piecemeal decisions and to promote judicial efficiency and the reduction of delay.'" Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 98 (2019) (citing R. 4:30A; R. 4:7-1). Parties must certify in their initial pleadings "whether the matter in controversy is the subject of any other action pending in any court or of a pending arbitration proceeding," and "whether any other action or arbitration proceeding is contemplated . . . ." R. 4:5-1(b)(2). "If a party fails to assert a claim that the entire controversy doctrine requires to be joined in a given action, a court may bar that claim." Dimitrakopoulos, 237 N.J. at 98; see also R. 4:30A ("Non-joinder of claims required to be joined by the entire controversy

doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine . . . .").

As an equitable principle, the entire controversy doctrine's "applicability is left to judicial discretion based on the particular circumstances inherent in a given case." Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 323 (1995). When deciding whether multiple claims must be asserted in the same action, the initial inquiry is whether they "arise from related facts or the same transaction or series of transactions." DiTrolio v. Antiles, 142 N.J. 253, 267 (1995). "The determinative consideration is whether distinct claims are aspects of a single larger controversy because they arise from interrelated facts." Id. at 271.

Plaintiff's eviction action and the motion to enforce the Stipulation of Settlement Agreement both arise from the contract disputes between the same parties, involve similar facts, and seek similar relief. Plaintiff knew that defendant breached the Stipulation of Settlement Agreement before filing the 2019 summary eviction action. However, the matters arise from separate transactions.

The trial court transferred the 2019 summary eviction action to the Law Division for further proceedings because defendant's counterclaim alleged plaintiff breached the lease. As noted by the trial court, whether plaintiff "failed to . . . give possession of a property that is free of alleged structural, mechanical or electrical

A-0021-20

defects" is not relevant to defendant's breach of the Stipulation of Settlement Agreement. Defendant does not argue that plaintiff breached the settlement agreement or explain how discovery or trial is necessary to resolve the right to enforce the agreement. Although similar in many ways, the eviction action and the enforcement motion are not "essentially a single controversy" requiring joinder. Ditrolio, 142 N.J. at 258.

We are satisfied that the pertinent transactional facts and elements of the two matters are sufficiently distinct to not warrant invocation of the entire controversy doctrine. Therefore, the trial "court would not have to retry the same issues; the testimony in each of the trials would undoubtedly differ." Vision Mortg. Corp. v. Patricia J. Chiapperini, Inc., 156 N.J. 580, 584 (1999). Moreover, judgments for money damages are not entered in summary eviction actions. See Raji v. Saucedo, 461 N.J. Super. 166, 170 (App. Div. 2019) (explaining that "a summary dispossess action does not permit either a landlord or tenant to plead a claim for damages") (citing Hodges v. Sasil Corp., 189 N.J. 210, 221 (2007)); accord R. 6:3-4(a) ("Summary actions between landlord and tenant for the recovery of premises shall not be joined with any other cause of action, nor shall a defendant in such proceedings file a counterclaim or third-party complaint."). Therefore, a separate application for money damages for unpaid rent or to enforce payment due under the

A-0021-20

Stipulation of Settlement Agreement was appropriate. Accordingly, "concerns of fairness weigh against an application of the entire controversy doctrine." <u>Vision Mortg.</u>, 156 N.J. at 584. Consequently, we discern no abuse of discretion by the trial court.

Additionally, any breach of the lease based on plaintiff's alleged failure to provide required electrical service or to remediate conditions of the rental premises that existed prior to the execution of the Stipulation of Settlement Agreement were subsumed in the agreement, which constituted an accord and satisfaction. By agreeing to the Stipulation of Settlement Agreement, defendant "entered into an accord and satisfaction and thereby finally resolved all of the known claims arising out of the tenancy." <u>Raji</u>, 461 N.J. Super. at 168. Moreover, defendant did not exercise its right under Paragraph No. 50 to cancel the lease on or before December 31, 2009, upon sixty day written notice, if the rental premises was not supplied with the specified minimum electrical service.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0021-20